LEWIS ADKINS, ET AL. *v.* GLAZEBROOK, GRINSTEAD & CO.

[Abstract Kentucky Law Reporter, Vol. 4—987.]

**Consolidation of Cases.**

    Where cases are brought and afterwards consolidated by order of the court, they should be heard together as one case, whether the liens sought to be enforced in the various suits were prior or subsequent. There can not be judgment on one claim and property ordered sold to pay it and no judgment entered on the other claims consolidated with it.

    · APPEAL FROM WHITLEY CIRCUIT COURT.
               May 10, 1883.

OPINION BY JUDGE PRYOR:

As this case must go back it is proper that the question should be determined as to whether a lien existed in behalf of the appellees. That such a lien did exist is evident from the contract between the parties and the conveyance obtained by counsel for Glazebrook, Grinstead & Co., by reason of his purchase under executions issued upon judgments in favor of other parties. The deed was made to the attorney and he held the title on the express agreement that it was to be restored when the $400 was paid. He could not hold the land under such an agreement either for himself or his clients, but held the title money until the debt was paid, and not being paid the appellees had the right to go into a court of equity and subject it. Other proceedings had been instituted by creditors to subject the land to the payment of their debts, and these cases were consolidated with the present action; and while they might have consented to the sale to satisfy appellees' claim this could not be done so as to prejudice appellants' interest. Whether their liens were prior or subordinate, the chancellor erred in selling this land to satisfy one claim and continuing it as to the other claims. Such proceedings might result in the sacrifice of the entire property. The chancellor should have sold to satisfy all the liens or claims that had been established by the proof. Whether the other creditors had the right to subject it, on the facts proved, is not a question before us. They were attempting to do so and their proceeding was a lis pendens operating as a lien until the question was finally settled. If the chancellor can thus sever the cases, one judgment at one time and one at another, it would consume the estate in costs and continue a litigation when altogether unnecessary. The assignment of error No. 2 reaches this question, not the assignment that the other creditors have a superior lien but that the cases were consolidated. This being the case they should have been heard together, whether their liens were prior or subsequent. As to the homestead none is asserted, and when this case returns to the lower court the claim may be set up if the party is entitled.

The judgment is *reversed* and cause remanded for proceedings consistent with this opinion.

*John Smith, John L. Scott, for appellants.*

*R. D. Hill, for appellees.*